KAREN NELSON MOORE, Circuit Judge,
concurring.
I write separately because I question the continued vitality of the three-percent rule in cases seeking attorneys’ fees to recover the costs of pursuing fees under 42 U.S.C. § 1988. No other circuit — to my knowledge — has adopted a bright-line rule for calculating “fees for fees” like the one we stated in Coulter v. Tennessee, 805 F.2d 146 (6th Cir.1986), cert. denied, 482 U.S. 914, 107 S.Ct. 3186, 96 L.Ed.2d 674 (1987). Although I am sympathetic to the reasoning espoused in Coulter for such a rule, I see no justification in the statute or the legislative history for divesting the district courts of their discretion to determine whether fees for fees should be awarded and in what amount. However, because Coulter is binding Sixth Circuit precedent, I concur with the majority’s analysis in this case. I also agree that the exception for unusual circumstances warranting a departure from the three-percent rule is not applicable in this case. The parties were free to contract around Coulter upon realizing that the consent decree would encompass more than just settling the litigation over the attorneys’ fees, just as they were free to specify clearly that the consent decree would be final as to all claims.